**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50165 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02563-JLS |
| v. | |
| GABRIEL FUENTES-ROJAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Gabriel Fuentes-Rojas appeals from the district court's judgment and

challenges the 27-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fuentes-Rojas contends that the district court procedurally erred by (1) relying on an improper sentencing factor; (2) focusing on deterrence to the exclusion of the other 18 U.S.C. § 3553(a) factors, and (3) failing to address adequately his policy argument. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find no error. The record reflects that the district court properly considered the 18 U.S.C. § 3553(a) sentencing factors and did not rely on an impermissible factor. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the [sentencing] factors to show that it has considered them."). In addition, the district court listened to Fuentes-Rojas's mitigating arguments and recognized its discretion to vary from the Guidelines on policy grounds. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-753 (9th Cir. 2011).

Fuentes-Rojas also contends that his below-Guidelines sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Fuentes-Rojas's sentence. *See Gall v. United States*, 526 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of circumstances and the section 3553(a) sentencing factors, including the need to deter. *See Gall*, 552 U.S. at 51.

**AFFIRMED**.